[No. 19944.　Department One.　July 1, 1926.]

The State of Washington, *Respondent*, v. F. C.
St. Clair, *Appellant*.[1]

[1] CRIMINAL LAW (183)—EVIDENCE—IDENTITY OF ACCUSED—SUF-
FICIENCY. The identity of the accused is sufficiently established
to sustain a conviction of assault in the third degree, by the posi-
tive testimony of the prosecuting witness that he was the person
who committed the assault.

Appeal from a judgment of the superior court for
Lewis county, Reynolds, J., entered January 4, 1926,
upon a trial and conviction of assault. Affirmed.

*J. A. Kavaney* and *William H. Grimm*, for appellant.

*Don G. Abel*, for respondent.

BRIDGES, J.—The information charged the defendant
with an assault in the second degree upon a young lady
living in the city of Centralia, the assault being com-
mitted on the third day of November, 1925. The case
was tried to a jury, which returned a verdict finding
the defendant guilty of an assault in the third degree.
He moved for his dismissal, on the ground that the
evidence was insufficient to support the verdict. His
motion having been denied and judgment of sentence
entered, he has appealed.

[1] The only question presented here is as to the suffi-
ciency of the evidence, and, particularly, the sufficiency
of the identification of the defendant as the person who
assaulted the young lady. Her testimony showed that
it was after dark when she left her place of employ-
ment, which was on one of the main streets of Cen-
tralia; that she was proceeding directly towards her
home, several blocks away; that she had seen the de-
fendant at other times in the city of Centralia; that she

saw him while she was going down Tower avenue on
the evening of the assault; that he was driving a Max-
well coupe. According to her testimony, he followed
her, turning around once or twice after he had got past
her; that at a rather dark place on one of the streets,
not far from her home, he left his car, ran after her,
and struck her several blows, after which, on account
of her screaming, he left her, ran to his car and drove
towards the main portion of the city. She saw that his
car was carrying a California license plate. About half
an hour after the assault, according to her testimony,
she saw him drive past her home, and she then recog-
nized him as the person who had assaulted her, and
thereupon a couple of men ran after him and he was
ultimately arrested. That evening, or the next day,
the young lady identified him at the city jail as the
person who had assaulted her. At the trial she also
identified him. Her identification at all times was posi-
tive and absolute. There was other testimony tending
to support that given by her.

The state's testimony tended to show that the assault
occurred between 6:15 and 6:30 of the evening in ques-
tion. The appellant produced testimony to the effect
that at the time in question he was not on the streets
of Centralia, but was in a certain garage having a tire
changed.

A careful reading of the testimony convinces us that
there was ample evidence to carry the case to the jury.
It was not bound to believe the witnesses who testified
that appellant was at the garage at the time the assault
is alleged to have occurred, when there was testimony
tending to show to the contrary. Or the jury might
have believed defendant was at the garage between
6:15 and 6:30 (the time the state's testimony tended to
show the assault was made) and that the assault oc-

curred a few minutes earlier or later than the testimony tended to show; or that the assault occurred at the time proven, but that appellant had been at the garage a few minutes earlier or later. The exact time of the assault was immaterial. From the garage to the place of assault was but a short distance. The jury had a right to take into consideration that it is difficult for witnesses to fix the exact time of an occurrence.

The question of identity was for the jury.

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, ASKREN, and FULLERTON, JJ., concur.