### BAUGH v. STATE OF INDIANA.

[No. 13,660. Filed May 7, 1929.]

*Q. Austin East,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

ENLOE, C. J.—The only question presented on this appeal is the sufficiency of the evidence to sustain the verdict of the jury finding the appellant guilty, under the second and third counts of an indictment, of possessing and selling intoxicating liquor.

It appears from the record that, on Sunday, March 20, 1927, three young men, neighbors of appellant, went to his home in an automobile owned by the father of one of the boys, to get "something to drink." One of the boys testified, as his testimony is set forth in appellant's brief: "We went to the home of Thaddeus Baugh

to get some wine; we got wine; I do not know what kind of wine it was; it was not much intoxicating, it might have been a little; the effect it had on me was, that it made me feel a little dizzy; Baugh came out to our car and I asked him if he had any wine and he said he had a little; I asked him how much it was and he said $2; we told him we would give him $1 for it, and he said that, as we were neighbor boys, he would let us have it, and said he would bring it to us; he went back to the house and brought us a quart of wine in a 'Mason' fruit jar; as he brought the wine out to the car, he carried it under his coat part of the way—until he got nearly to the car; one of the boys paid him for it and we drove away; when Baugh delivered this wine substance, whatever it might have been, to us, he said: 'Be careful, if you get drunk on this, you will be drunk for a long time'; the three of us drank the wine in about equal portions and, after drinking it, I became dizzy from the effect of it." The appellant admits making the sale, but contends that what he sold was unfermented grape juice.

In the case of *Tisdale* v. *State* (1927), 199 Ind. 1, 154 N. E. 801, it was said: "In passing on a motion for a new trial for insufficiency of evidence to sustain conviction, in cases of this kind, this court will consider only the evidence which tends to prove the defendant guilty, and if there is legal evidence on every essential fact necessary to establish the crime charged, the overruling of a motion for a new trial must be approved."

In this case, as shown by evidence, the boys bought "*wine*," which by definition, is fermented juice of the grapes, cherries, berries, etc. *State* v. *Moore* (1839), 5 Blackf. (Ind.) 118. It was for the jury to decide what testimony they would believe and they rejected the version of the transaction given by appellant. We find no error.

Affirmed.