PEOPLE *v*. PETROSKY.

1. CRIMINAL LAW—BREAKING AND ENTERING—LARCENY—WITNESSES —NUMBER—CREDIBILITY—QUESTIONS FOR JURY.

In prosecution for breaking and entering in the daytime with intent to commit the crime of larceny in which defense of alibi was interposed and supported by testimony of defendant himself, who had been confined in a reform school for four years and in prison three years for breaking and entering, and three other witnesses, jury was not bound to believe such alibi witnesses where there was positive testimony of an 11-year old boy to show the contrary, as a jury may believe one witness against many and determine credibility of all of the witnesses.

2. SAME—VERDICTS—WEIGHT OF EVIDENCE.

A verdict in a criminal case is not against the weight of the evidence where the testimony presents fair issues of fact for the jury and would have justified a verdict either of guilty or not guilty.

3. SAME—VENUE—EVIDENCE—PRELIMINARY EXAMINATION.

Section of code of criminal procedure providing that no verdict shall be set aside or new trial granted by reason of failure to prove that the offense was committed within the county or within the jurisdiction of the court unless such questions were raised before the case is submitted to the jury applies whether there is failure to prove venue at the preliminary examination or on the trial, hence where the complaint set forth the venue, as did the evidence at the trial, failure to prove venue at the preliminary examination was not reversible error in the absence of motion to quash the information and dismiss the charge on the ground that the venue had not been established (3 Comp. Laws 1929, § 17259).

4. TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE—COURT RULES.

The failure of the court to instruct on any point of law is not ground for setting aside the verdict of the jury unless such instruction is requested (Court Rule No. 37, § 9 [1933]).

5. LARCENY—INSTRUCTIONS—DEFINITION.

In prosecution for breaking and entering in the daytime with intent to commit crime of larceny, instruction merely defining larceny as taking with intent to steal and appropriate property to defendant's own use, *held*, not erroneous, where circumstances, as shown by the evidence, negatived any inference that the articles were taken with the consent of the owner.

6. CRIMINAL LAW—ALIBI—LARCENY—INSTRUCTION.

In prosecution for breaking and entering in the daytime with intent to commit crime of larceny in which defense of alibi was interposed, charge which failed to instruct jury in detail as to elements of crime of larceny *held*, proper in absence of requests so to charge where circumstances show that defendant's presence and conduct at time and place as charged fulfilled all the requirements necessary to constitute the crime.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 16, 1938. (Docket No. 89, Calendar No. 39,911.) Decided November 10, 1938.

Tony Petrosky was convicted of breaking and entering in the daytime with intent to commit larceny. Affirmed.

*George H. Cross* and *Robert A. Carr*, for appellant.

*Raymond W. Starr*, Attorney General, *Fred Piatt*, Prosecuting Attorney, and *Noel P. Fox*, Assistant Prosecuting Attorney, for the people.

McALLISTER, J. Defendant was convicted on a charge of breaking and entering in the daytime with intent to commit larceny. He appeals, claiming error on the ground that the verdict was against the overwhelming weight of evidence; that there was no proof of venue on the preliminary examination; and that the court erred in neglecting to define the crime of larceny in its charge to the jury.

Arthur Klimik, a boy 11 years old, and a resident of Muskegon, was the principal witness for the people. He testified that on the morning of July 24, 1937, he went to the Polish Falcon Hall to help his aunt do some cleaning work. He arrived at the hall about 6 o'clock. The door was broken, so he went in, but his aunt was not there. He further testified that he then started to call his aunt by telephone, and, as he did so, defendant seized him, and took him into a room where the slot machines were located. He testified that defendant broke a steel cabinet, rifled the slot machines of money, and made the witness help him pick up the money on the floor. Defendant, according to the witness, then went to the back door, broke the lock, put a "bandage" on his face, and took the witness over with him about three blocks from the hall, where he stopped and threatened the boy by asking him if he ever wanted to see his father and mother again, and thereupon let him go. The witness was positive in his identification. He said that he had previously seen defendant about five times at the hall, and remembered him once, especially, when defendant had treated the boy's uncle for having played a hand of cards for him.

Defendant testified in his own behalf. The defense was an alibi. Defendant claimed that he had been going around to a number of "beer joints" the previous night; and that between 2 o'clock and 5 o'clock in the morning of the day on which the larceny was committed, he was with a young girl, parked in an automobile; that thereafter he went to a restaurant, and at 6 o'clock left to take the girl home. The girl in question was a witness for defendant as was the man whose car defendant claimed to be using at the time. A worker in the restaurant referred to also testified for defendant. They testified in confirma-

tion of defendant's story. Defendant admitted in his testimony that he had previously been confined to the reform school for four years, and that he had served three years in prison for breaking and entering.

The jury was not bound to believe the witnesses who testified in favor of defendant's defense of alibi, as there was testimony to show the contrary. *State* v. *St. Clair,* 139 Wash. 428 (247 Pac. 461); and a jury may believe one witness as against many. *Baugh* v. *State,* 89 Ind. App. 283 (166 N. E. 264). It is the jury's province to determine the credibility of all of the witnesses, including those whose testimony tends to prove an alibi. *People* v. *Costello,* 320 Ill. 79 (150 N. E. 712). Where the testimony presents fair issues of fact for the jury and would have justified a verdict either of guilty or not guilty, the verdict is not against the weight of the evidence. *People* v. *Pratt,* 251 Mich. 243. The weight and credibility of the testimony of these various witnesses was for the jury, and its determination cannot be said to be against the overwhelming weight or preponderance of the evidence.

On the preliminary examination the evidence did not disclose that the Falcon Hall was in the city of Muskegon and county of Muskegon. The complaint set forth the venue as did the evidence on the trial. No motion to dismiss was made on the preliminary examination, nor in circuit court previous to trial, nor at the conclusion of the evidence. The case was submitted to the jury without any motion having been made to quash the information and dismiss the charge on the ground that the venue had not been established.

3 Comp. Laws 1929, § 17259 (Stat. Ann. § 28.985), provides that no verdict shall be set aside or new

trial granted by reason of failure to prove that the offense was committed in the county or within the jurisdiction of the court, unless such question is raised before the case is submitted to the jury. This section applies whether there is failure to prove venue at the preliminary examination or on the trial.

In instructing the jury, the court did not define larceny or charge the jury as to the elements of the crime of which the defendant was accused, except that the court stated that it would be necessary to prove that defendant did break and enter the hall at the time and place in question, and that such breaking and entering were accompanied by the intent on the part of defendant to steal or commit larceny. Defendant's counsel did not request the court to charge on the elements of the crime of larceny. The failure of the court to instruct on any point of law is not ground for setting aside the verdict of the jury unless such instruction is requested. Court Rule No. 37, § 9 (1933). Where the trial court did not define larceny beyond saying that it was taking with intent to steal and appropriate property to one's own use, such instruction was not erroneous, where the circumstances, as shown by the evidence, negatived any inference that the articles were taken with the consent of the owner. *State* v. *Banoch,* 193 Iowa, 851 (186 N. W. 436).

In *People* v. *Carey,* 125 Mich. 535, where defendant was accused of stealing cattle and denied the taking possession or control of the property in question, error was assigned that the trial court had failed to instruct the jury as to the essential elements of the crime of larceny. In affirming conviction, the court held that under such circumstances, because of the nature of the defense, it was unnecessary to define the crime, saying:

"The testimony is all contained in the record, and warranted the court in advising the jury that the cattle were stolen. Hence there was no occasion for defining larceny. Again, there was nothing in the case indicating a claim that defendant, if in the possession or control of the cattle, was innocently so. He denied it *in toto*. If this denial was false, there was nothing in the case which would give rise to an inference of innocence. It was unnecessary to incumber the charge with questions which there was no occasion for the jury to consider."

In the case before us, the defense being an alibi, it was unnecessary to instruct in detail as to the elements of larceny. Defendant denied being present at the time and place charged and cannot now complain that a detailed explanation of the nature of such crime should have been given on the assumption that if he had been present at such time and place, as the jury found, his conduct was not of such character as to fulfill all the requirements necessary to constitute the crime.

We find no error. Judgment affirmed.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. BUTZEL, J., took no part in this decision.