PEOPLE *v.* LOUDENSLAGER.

1. Criminal Law—Rape—Evidence.

    Evidence of prosecutrix in prosecution for rape, when considered in its entirety *held,* sufficient to support finding of jury that, beyond a reasonable doubt, the crime charged was committed (CL 1948, § 750.520).

2. Same—Rape—Alibi—Evidence.

    Testimony in support of defendant's alibi in prosecution for rape was not sufficient to create a reasonable doubt as a matter of law and whether it did so in fact was a question for jury, where testimony of prosecutrix was sufficient to support jury's finding that, beyond a reasonable doubt, crime charged was committed, especially where she positively identified her assailant (CL 1948, § 750.520).

3. Same — Rape — Alibi — Evidence — Credibility — Question for Jury.

    In prosecution for rape in which defense of alibi was interposed and supported by testimony of defendant himself and other witnesses, jury was not bound to believe such alibi witnesses, where prosecutrix positively identified her assailant, as a jury may believe one witness as against many (CL 1948, § 750.520).

4. Same—Verdicts—Weight of Evidence.

    A verdict in a criminal case is not against the weight of the evidence where the testimony presents fair issues of fact

---

References for Points in Headnotes

[2, 7] 15 Am Jur, Criminal Law, §§ 314, 315.
[4] 39 Am Jur, New Trial, § 129 *et seq.*
[6, 7] 3 Am Jur, Appeal and Error, §§ 1096, 1097.
[8, 9] 3 Am Jur, Appeal and Error, § 342 *et seq.*
[11] Right or duty of court to direct verdict where based upon testimony of party or interested witness. 72 ALR 27.
[12] 58 Am Jur, Witnesses, § 862.
[12] Right to and propriety of instruction as to credibility of defendant in criminal case as a witness. 85 ALR 523.

for the jury and would have justified a verdict either of guilty or not guilty.

5. RAPE—INSTRUCTIONS—OVERCOMING RESISTANCE BY FORCE OR FEAR.

Instruction as to elements of crime of rape, including necessity for finding, beyond a reasonable doubt, that resistance of prosecutrix was overcome by force or by fear *held*, to have properly submitted issue to jury.

6. CRIMINAL LAW—CHARGE TO JURY—PREJUDICE.

The charge to the jury in a criminal case must be read as a whole to determine whether it is prejudicial as its correctness cannot be tested by taking particular parts.

7. SAME—ALIBI—INSTRUCTIONS—REQUEST TO CHARGE.

Court's charge as to alibi, interposed as defense in prosecution for rape, which gave substance of defendant's request in such respect was sufficient notwithstanding it omitted recitals summarizing testimony as to where defendant claimed he was at time the alleged offense was committed, where it merely required that jury was to acquit defendant if testimony as to alibi raised a reasonable doubt of his presence at time and place of commission of the crime charged (CL 1948, § 750.520).

8. SAME—CREDIBILITY—CRIMINAL RECORD OF DEFENDANT.

Reception of testimony of State police officer, before defendant himself took the stand in trial for rape, that defendant had a considerable record dating back to the Vocational School was not material error, where no objection thereto was interposed except as to mention of the school, no motion to strike made nor request made to direct the jury to disregard the officer's statements, although trial court stated it was out of order at that time, especially where defendant subsequently testified to a criminal record.

9. SAME—RAPE—PRISON PHOTOGRAPH.

Admission of photograph of defendant, in prosecution for rape, which showed a prison number was not improper, where no objection to its admission was made at the time and there was no subsequent motion to strike the exhibit and subsequently defendant, while testifying as a witness in his own behalf, stated he had been convicted of assault with intent to commit rape, sentenced, paroled, and returned to prison because of violation of parole (CL 1948, § 750.520).

10. SAME—RAPE—ALIBI—CREDIBILITY.

Permitting defendant's mother, a witness in support of his claim of alibi in prosecution for rape, to answer question as to where defendant lived before he took up his residence with her for two years preceding the prosecution, was not reversible error, where answer, although not specifically referring to the State prison, was such as to lead to such an inference under the circumstances.

11. SAME—DIRECTED VERDICT—NEW TRIAL—EVIDENCE—CHARGE TO JURY—FAIR TRIAL.

Motions for directed verdict and new trial, made in prosecution for rape, were properly denied, where testimony of the various witnesses presented issues of fact for determination of jury, such issues were clearly defined by, and fully covered in, the charge to the jury, defendant had a fair trial in which he was ably represented by counsel, and in course of which no material error prejudicial to him occurred.

12. SAME—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

The credibility of witnesses in a prosecution for crime is for the jury to determine.

Appeal from Clinton; Cash (Paul R.), J. Submitted April 13, 1950. (Docket No. 62, Calendar No. 44,414.) Decided May 18, 1950.

Robert Loudenslager was convicted of rape. Affirmed.

*Paul Watzel* (*Seymour H. Person,* of counsel), for appellant.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Alba F. Wert,* Prosecuting Attorney, for the people.

CARR, J. Defendant was tried before a jury in circuit court on a charge of rape, and was convicted. The information in the case set forth a violation of section 520 of the penal code (PA 1931, No 328 [CL 1948, § 750.520 (Stat Ann § 28.788)]). It al-

leged that the offense was committed at the township of DeWitt, Clinton county, on the 31st of March, 1948, on a young woman 22 years of age, hereinafter referred to as the prosecutrix.

On the trial of the case it was the claim of the people that on the morning of the day referred to defendant, a man 36 years of age, was driving his automobile in a northerly direction on Pine street in the city of Lansing, that he overtook the prosecutrix who was walking towards her rooming place several blocks away, that it was raining at the time, that defendant stopped and asked prosecutrix to ride with him, and that she accepted his invitation. Prosecutrix informed defendant where she wished to stop, but he drove past the place and continued on a course that took the parties out of the city and into Clinton county where the alleged offense was committed. Thereafter prosecutrix was returned to her rooming place in Lansing, where she immediately made complaint to friends. When she left the automobile she obtained the license number.

The Michigan State Police and the sheriff's department of Ingham county were notified of the occurrence and made an investigation which resulted in the arrest and prosecution of defendant. In the course of such investigation it was learned that the license plate bearing the number obtained by prosecutrix had been issued to defendant. Prosecutrix was shown photographs of several possible suspects, including defendant, and identified the photograph of defendant as that of her assailant. Defendant denied his guilt, and in advance of trial gave notice of an alibi, stating therein his claim as to where he was at the time of the commission of the alleged offense. Testimony in support of such claim was introduced in his behalf at the trial.

In her testimony prosecutrix positively identified defendant, and stated the details of the alleged of-

fense. She was subjected to a somewhat extended cross-examination. It was her claim in substance that she resisted her assailant to the utmost of her strength, that her resistance continued throughout the entire attack, and was overcome by physical force and by fear. At the conclusion of the people's case a motion for a directed verdict was made on the ground that the testimony of the prosecutrix was insufficient to establish that the crime charged had been committed. The motion was denied. When the proofs were closed the motion was renewed, the further ground being asserted that the testimony offered in defendant's behalf in support of his claim of alibi was sufficient to raise a reasonable doubt as a matter of law. This motion was also denied, as was a subsequent motion for a new trial. On appeal defendant contends that such denials were erroneous.

In submitting the case to the jury the trial judge charged that defendant could not be convicted unless the jury was satisfied beyond a reasonable doubt that the crime charged was accomplished by force and against the will of the prosecutrix, that there was the utmost reluctance or resistance on her part, or that her will was overcome by fear of the defendant or the consequences of her refusal to accede to his wishes. Prosecutrix testified that defendant placed his arm around her, caught her right wrist in his hand, and pressed her left arm against her side in such manner that she was unable to extricate it. She stated further that she resisted the assault to the utmost of her strength, that she tried to push defendant away from her, that she continued such resistance during the time of the commission of the alleged offense, and that she pleaded with defendant to desist. She also testified that:

"He said something to the effect that if I wasn't quiet he would put me in the back seat and really

get rough, and I was so scared I didn't know what he would do. His face looked mad. I was afraid because he said he would get rough with me."

A further recital of the testimony of prosecutrix is unnecessary. Considered in its entirety it was sufficient to support the finding of the jury that the crime charged was committed beyond a reasonable doubt. *People* v. *Geddes,* 301 Mich 258; *People* v. *Myers,* 306 Mich 100.

The testimony introduced in support of defendant's claim of alibi was not sufficient to create a reasonable doubt as a matter of law. Whether it did so in fact was for the jury to determine. As before noted, prosecutrix positively identified defendant as her assailant. It was within the province of the jury to believe her testimony rather than that of defendant and his witnesses. A similar question arose in *People* v. *Petrosky,* 286 Mich 397, and the following language from the opinion is applicable here:

"The jury was not bound to believe the witnesses who testified in favor of defendant's defense of alibi, as there was testimony to show the contrary. *State* v. *St. Clair,* 139 Wash 428 (247 Pac 461) ; and a jury may believe one witness as against many. *Baugh* v. *State,* 89 Ind App 283 (166 NE 264). It is the jury's province to determine the credibility of all of the witnesses, including those whose testimony tends to prove an alibi. *People* v. *Costello,* 320 Ill 79 (150 NE 712). Where the testimony presents fair issues of fact for the jury and would have justified a verdict either of guilty or not guilty, the verdict is not against the weight of the evidence. *People* v. *Pratt,* 251 Mich 243. The weight and credibility of the testimony of these various witnesses was for the jury, and its determination cannot be said to be against the overwhelming weight or preponderance of the evidence."

Defendant further complains that the trial court erred in defining the elements of the crime of rape. The claim is not tenable. An examination of the charge as given indicates that the issues involved in the case were clearly, fairly and fully submitted to the jury. The criticism is principally directed to the reference by the court to the necessity for finding, beyond a reasonable doubt, that the resistance of the prosecutrix was overcome by force or by fear. It is insisted in effect that the testimony was not sufficient to support a conclusion that prosecutrix was put in fear by defendant's conduct, appearance, or statements. Under the record, however, the matter was one for the determination of the jury. While the court did not give defendant's request in precisely the form submitted, it was covered in such manner as to properly submit the issue to the jury.

A somewhat similar situation was involved in *Strang* v. *People,* 24 Mich 1, 11. It was there said:

"The evidence being all in, the circuit judge was requested to charge the jury that they must be satisfied that the connection was had by force, against the will of the prosecutrix, and that there was the utmost reluctance and resistance on her part, and that if they entertained a reasonable doubt of such reluctance and resistance, it was their duty to acquit the defendant. This request was modified by the circuit judge and given to the jury in the following form: 'The jury must be satisfied that the connection was had by force and against the will of the prosecutrix, and that there was the utmost reluctance and resistance on her part, *or that her will was overcome by fear of the defendant;* and if they entertained a reasonable doubt of such reluctance and resistance, it is their duty to acquit the defendant of rape.'

"The court would have been in error if the instruction asked for had been given. The theory of the prosecution was that the prosecutrix was forced to submit to the defendant's embraces by the terror

of his threats, which was so extreme as to preclude resistance. The instruction requested would have put the case to the jury precisely as if no such threats had been made; and if accepted and acted upon by them, would have compelled an acquittal, even though the evidence for the people was fully believed. Had no putting in fear been sworn to, such a charge might have been unexceptionable; but under the evidence in this case it would have been wrong and misleading."

The language quoted is applicable under the proofs in the case at bar. Defendant was not prejudiced by the charge of the court as given. As said in *People* v. *Serra,* 301 Mich 124, 132:

"The charge must be read as a whole to determine whether it is prejudicial. The correctness cannot be tested by taking particular parts. *People* v. *Williams,* 208 Mich 586. Taking the charge as a whole, it is clear that defendants' rights were fully preserved."

As before noted defendant on the trial relied on his claim of alibi, offering several witnesses in corroboration of his own testimony in that regard. In his behalf a request to charge, containing a summarization of such testimony, was submitted to the trial judge. The court gave the substance of the request, omitting the recital covering defendant's claims as to where he was at the time the alleged offense was committed. On behalf of defendant it is urged that the request should have been given in full, and that failure to do so was prejudicial error.

At the outset of the charge the trial judge directed attention to the claim of the defendant, indicating to the jury that he would discuss the matter more fully later. After covering other phases of the case, he said:

"The defendant in this case claims the defense of what we call 'alibi.' And that is, in simple English, that he was at another place at the time of the commission of the crime of rape. And I instruct you that this sort of a defense is a proper one, and is as legitimate if proven as any other defense. You should consider all the evidence bearing upon that point and carefully examine it. And if, in view of the evidence, you have any reasonable doubt as to whether the defendant was at some other place at the time the crime was committed, you should give him, the defendant, the benefit of any doubt and find him not guilty."

The court further pointed out that the burden was not on defendant to establish his defense, but it was sufficient if the evidence upon the point raised a reasonable doubt of his presence at the time and place of the commission of the crime charged.

It does not appear from the record that the trial of the case was protracted, and it may be assumed that the members of the jury had in mind in their deliberations the specific claims of the defendant as to where he was at the time in question. It may be assumed further that such claims were emphasized in the argument of counsel. The contention that the court should have given that portion of the request summarizing the testimony cannot be sustained. The question was fairly and clearly presented to the jury. Defendant was not prejudiced by the charge as given. *People* v. *Londe,* 230 Mich 484; *People* v. *Mullane,* 256 Mich 54.

It is also urged that certain evidence offered by the people was improperly received. A member of the Michigan State Police, testifying with reference to the preliminary investigation of the case made by him, stated that, after checking the license number of the automobile, he went to the identification bureau of the State Police and secured defendant's

record. He was then asked to state what he found. No objection was interposed to such question, and the witness replied that he had discovered a considerable record dating back to the Vocational School. Thereupon counsel interposed an objection to the mentioning of the school, stating further that "The officer knows that that is not a criminal record." The court's attention was called to the fact that defendant had not as yet taken the stand and that his credibility could not be tested before he did so. No motion to strike was made, nor was the court requested to direct the jury to disregard the statement of the officer. The trial judge did state, however, that the proof was out of order at the time. In view of the entire record in the case, it cannot be said that the reference to the Vocational School, made by the witness in answer to a question to which no objection was made, was material error. Defendant subsequently testified to a criminal record.

Complaint is also made that a photograph of the defendant, identified as having been exhibited to prosecutrix during the investigation of the case, was improperly admitted. The exhibit came from the Michigan State Police identification bureau, and bore thereon a "Jackson" number. No objection was made at the time, nor does it appear that there was any subsequent motion to strike the exhibit. Defendant is not in position to contend that the admission of the photograph in evidence was error. It may be noted also that, testifying as a witness in his own behalf, he stated that he had previously been convicted of assault with intent to commit rape, that he had been sentenced therefor, paroled, and returned to prison because of violation of such parole.

Defendant's mother testified in his behalf in support of his claim of alibi. She stated that she and defendant had lived together during the "last 2

years." She was then asked where her son lived prior to that time. Objection was made on the ground that it was not material where defendant lived 2 years previously and did not test the credibility of the witness. Defendant's counsel then added to his objection the statement:

"Of course I know what the answer is going to be, and when the defendant is on the stand he will answer that question."

The court permitted the witness to answer, and she stated "He was in Jackson." The witness did not specify that she referred to the prison, but defendant, who followed his mother as a witness, testified that he was released from prison May 23, 1947, referring, the record indicates, to the State Prison of Southern Michigan. It may be noted further that the photograph of the defendant bearing the prison number had previously been received in evidence without objection. Permitting the witness to answer the question as to where defendant lived before he took up his residence with her was not reversible error. *People* v. *Liebiotka,* 216 Mich 316; *People* v. *Davis,* 217 Mich 661.

The motions for a directed verdict and for a new trial were properly denied. The testimony of the various witnesses in the case presented issues of fact for the determination of the jury. Such issues were clearly defined by, and fully covered in, the charge of the trial court. We are impressed that defendant had a fair trial in which he was ably represented by counsel, and in the course of which no material error prejudicial to him occurred. The credibility of the witnesses was for the jury to determine. *People* v. *Petrosky, supra.* It cannot be said that the evidence in the case was not sufficient to support a finding of guilt beyond a reasonable doubt. *People* v. *Hallman,* 299 Mich 657; *People* v.

*Geanakopoulos,* 320 Mich 430; *People* v. *Dimitroff,* 321 Mich 205; *People* v. *Szymanski,* 321 Mich 248.

The conviction and sentence are affirmed.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUT-ZEL, BUSHNELL, and SHARPE, JJ., concurred.