PEOPLE *v.* HALL.

1. CRIMINAL LAW—VENUE—ESCAPE—STATUTES.

Statute authorizing prosecution of a prison escapee in county other than that in which the escape took place is not unconstitutional (CLS 1956, § 750.193).

2. ESCAPE—VENUE—EVIDENCE—PRELIMINARY EXAMINATION.

Evidence presented at preliminary examination on charge of escape from prison *held,* insufficient to establish venue in county where prosecution had been instituted.

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—VENUE—EVIDENCE.

The want of proof of venue at preliminary examination could not be supplied on trial, hence, the proceedings before the magistrate should have been quashed where there was such want of proof.

4. SAME—PRELIMINARY EXAMINATION—VENUE—EVIDENCE—MOTION TO QUASH.

The circuit court of Alger county was powerless to hold defendant for trial, where he escaped from prison camp in Baraga county and at preliminary examination there was a failure to establish venue in Alger county, a timely motion to quash having been made (CLS 1956, § 750.193).

Appeal from Alger; Baldwin (George S.), J. Submitted October 9, 1964. (Calendar No. 36, Docket No. 49,790.) Decided April 9, 1965.

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Criminal Law § 234.
[2] 20 Am Jur, Evidence §§ 1220, 1259.
[3] 14 Am Jur, Criminal Law § 240 *et seq.*
[4] 14 Am Jur, Criminal Law § 232 *et seq.*

Raymond Hall was convicted of escape from a prison camp. Reversed and remanded for quashal of information.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Arthur A. Neiman,* Special Prosecuting Attorney, for the people.

*Francis B. Criqui,* for defendant.

O'HARA, J. We here review, upon leave granted under our former practice, the conviction of the accused, in Alger county, of the offense of escape from a camp facility operated under the jurisdiction of the branch of the State prison at Marquette. The camp is located in Baraga county.

While the prisoner makes 4 assignments of error we shall first direct our attention to his claim of improper venue, namely that Alger county was without jurisdiction to initiate and conduct the proceedings.

Hall had been convicted of an offense in Wayne county and sentenced to the State prison of southern Michigan at Jackson, on April 10, 1957, for a term of 1-1/2 to 2 years. On November 13, 1957, he was received by transfer at the branch prison at Marquette. He was classified for the conservation camp program and transferred on or about November 21st.

At the time the events leading to the present prosecution and conviction occurred there were 4 such camp facilities in the Upper Peninsula: Camp Baraga in Baraga county as noted, Tahquamenon Falls Camp in Chippewa county, Camp Cusino in Alger county and Camp Porcupine in Ontonagon county. The branch prison is situated in Marquette, in Marquette county.

On January 3, 1958, Hall and another inmate assaulted a guard and escaped from Camp Baraga. They stole a motor vehicle and on the same day were apprehended in Wisconsin.

On January 7, 1958, Federal authorities charged both escapees with unlawful transportation of a motor vehicle across a State line. On April 9th, upon his plea of guilty, Hall was sentenced to the Federal prison at Leavenworth for 3 years.

On April 29, 1960, a complaint was made in Baraga county charging defendant with assault and a warrant thereon issued. He was returned to the branch prison at Marquette next day, April 30th, following release from Federal custody.

The assault case was disposed of on motion and Hall was discharged from further prosecution on that charge. The complaint in the instant case was made forthwith and a warrant issued charging escape from Camp Baraga, located in Baraga county. The complaint was made in Alger county.

Thereafter preliminary examination before a magistrate was held and defendant bound over for trial. A motion to dismiss, urging several grounds in support thereof, including challenge to the venue and the jurisdiction of Alger county, was duly made prior to trial. The motion was denied. Upon trial before a jury, defendant was convicted and sentenced to 9 months to 3 years for prison escape.

Appellant argues that either Baraga or Marquette county might be a proper county of venue, but in any event Alger county was not.

Michigan has a special statute[1] relating to the forum in which prison inmates, charged with escape, shall be prosecuted. As in effect in January, 1958, the statute read in material part as follows:

---

1 CLS 1956, § 750.193 (Stat Ann 1957 Cum Supp § 28.390).

"Any person, being imprisoned in any prison of this State for any term, who shall * * * escape, or shall leave said prison without being discharged from said prison by due process of law, * * * shall be guilty of a felony * * * . Such prisoner who shall * * * escape * * * *shall* be charged with said offense and tried in the courts of the county wherein the administrative offices of the prison may be, to which said prisoner was committed or transferred, at the time of * * * escape, * * * . The word 'prison' as used in this section shall include any Michigan State prison, penitentiary, reformatory, State house of correction, camp constructed and maintained under the provisions of Act No 274 of the Public Acts of 1949, being §§ 798.351 to 798.353, inclusive, of the Compiled Laws of 1948,[2] or any penal camp, except probation camps and probation recovery camps, the grounds, farms, shops, road camps or places of employment operated by such institution or under control of the officers thereof, or of any police officers of this State." (Emphasis supplied.)

The statute was further amended in 1958, effective September 13th, in manner not material to this case.[3]

The people claim that Alger county was the county where the administrative offices of the prison to which said prisoner was committed was located at the time of the escape. They so argue, by virtue of the definition of "prison" in the statute, *supra*, and because the facts disclose the designation of Camp Cusino in Alger county as the administrative offices for the camp program.

Defendant claims that the statute fixing venue in a county other than that in which the alleged offense

---

[2] CLS 1961, §§ 798.351–798.353 (Stat Ann 1954 Rev §§ 28.1715–28.1717).—Reporter.

[3] PA 1958, No 215 (CLS 1961, § 750.193 [Stat Ann 1962 Rev § 28.390]).

occurred, is unconstitutional. The claim is without merit. The point was decided in *People* v. *Richards,* 247 Mich 608. In that case the defendant was committed to the Jackson prison in Jackson county. He was transferred to a road camp in Clinton county; from which he escaped. He was prosecuted in Jackson county under the same act under consideration, as it read in 1928. It authorized prosecution of an escapee in the county where the administrative offices of the prison may be, irrespective of where the escape took place.

Mr. Justice WIEST, writing for affirmance of the conviction, while recognizing the basic right of an accused to be tried in the jurisdiction where the crime is allegedly committed, held that the statute, fixing venue for trial of an escapee in a county other than that of commission of that crime is not unconstitutional.

Thus upon proper proof, Alger county may constitutionally be the county of prosecution of one committed to the branch prison of Marquette, escaping from a prison conservation camp in the Upper Peninsula.

We turn now to contention of the appellant that venue was not established on examination and that motion to quash should have been granted.

No proof was introduced on examination of any official designation by the department of corrections of Alger, or any other county as the site of the administrative offices of the camp program.

The only witness at the preliminary examination was Gail Peterson, who identified himself as supervisor of the Upper Peninsula correction camp program and described the location of the 4 camps. He testified:

"*Q.* Referring to the date of January 3, 1958, were you in the capacity of camp director?

"*A.* Upper Peninsula supervisor, yes.

"*Q.* And did you have charge of the records of all incarcerated prisoners in the various camps?

"*A.* Actually the records are kept in Marquette.

"*Q.* And you have access to them?

"*A.* Yes."

Such proof established no venue in Alger county, nor any place else. This want of proof could not be supplied on trial. The proceedings before the magistrate were fatally defective. The motion to quash should have been granted. See *People.* v. *Jackzo,* 206 Mich 183, pp 192, 193.

Our holding here should not be misconstrued as affecting the settled principle that no verdict shall be set aside nor new trial granted for failure to prove that the offense was committed within the jurisdiction of the court. See *People* v. *Petrosky,* 286 Mich 397, and CL 1948, § 767.45 (Stat Ann 1954 Rev § 28.985). Nor does it affect the equally settled holding that it is within the discretion of the trial court to reopen a case for the purpose of proving venue. *People* v. *Eger,* 299 Mich 49, 58. Both of the foregoing holdings are concerned with the failure to prove venue *upon trial* and the permissible remedies therefor. Here we are concerned with a failure to prove venue *on examination* and a timely motion to quash before trial. As we previously noted the question in this case required disposition before the defendant was held to trial. Because the proof on examination was fatally inadequate, and timely motion challenging the binding over was made, the circuit court on the record made in the magistrate proceeding was powerless to hold defendant to trial. For this reason the judgment of conviction in the circuit court is vacated and the case

is remanded with directions to grant the motion to quash.

T. M. KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and ADAMS, JJ., concurred.