PEOPLE *v.* PLAUTZ

PEOPLE *v.* SCHUH

1. CRIMINAL LAW—EVIDENCE—VENUE—QUANTUM OF PROOF.

Venue, like all other issuable facts in a criminal case, must be proven by the people beyond a reasonable doubt, so that where no evidence was introduced which would tend to establish that defendants had possession of stolen goods while in Macomb County, defendants' conviction in Macomb County must be reversed, because the jurisdiction of the trial court is restricted to the trial of persons charged with the commission of offenses in that county, except in the case of a change of venue (MCLA § 750.535).

2. CRIMINAL LAW—EVIDENCE—INFERENCE—MOTION TO DISMISS—VENUE.

Defendants' motion to dismiss for lack of venue in Macomb County should have been granted where there was no evidence to support the inference that defendants had possession of stolen goods while in Macomb County (MCLA § 750.535).

3. CRIMINAL LAW—CLOSING ARGUMENT—PROSECUTING ATTORNEY—DUTY OF COURT.

The trial court has a duty to check and control any intemperance of zeal or language that is not warranted by the facts and circumstances shown by the proofs, so that where the prosecuting attorney stated his theory of the defendants' participation in the commission of the crime charged in Macomb County the court erred in allowing it because without it there was no way in which the jury could have inferred the possession of stolen goods in Macomb County by the defendants (MCLA § 750-.535).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 398, 399.
[3] 53 Am Jur, Trial §§ 502–504.

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 November 12, 1970, at Detroit. (Docket No. 6988.)   Decided December 9, 1970.

Gerald Vernon Plautz and James Schuh were convicted of receiving and concealing stolen property. Defendants appeal.   Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Stephen F. Osinski,* Assistant Prosecuting Attorney, for the people.

*James D. O'Connell,* for defendants on appeal.

Before: McGREGOR, P. J., and HOLBROOK and O'HARA,* JJ.

PER CURIAM.   In this appeal, defendants attack their conviction and sentence in the Macomb County Circuit Court for receiving and concealing stolen property[1] on the grounds that the crime they were accused of did not take place in the county where the case was tried.   Defendants also assert that the trial court committed reversible error by permitting the prosecution to present during its closing argument the theory that the defendants had stolen the property which they were accused of receiving and concealing.

On review of the record, we find that there was no evidence introduced which would tend to establish that defendants ever had possession of the stolen goods while in Macomb County.   Venue, like all other

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA § 750.535 (Stat Ann 1970 Cum Supp § 28.803).

issuable facts in criminal cases, must be proven beyond a reasonable doubt. *People* v. *Jackzo* (1919), 206 Mich 183. "The jurisdiction of the trial court is restricted to the trial of persons charged with the commission of offenses in that county, except in case of change of venue." *Jackzo, supra,* at p 193. " 'A jury may draw reasonable inferences from facts established, either by direct or circumstantial evidence, but may not indulge in inferences wholly unsupported by any evidence.' " *People* v. *Collins* (1940), 292 Mich 217, 221.

The trial court should have granted defendants' motion to dismiss because there was no evidence to support the inference that defendants had possession of the stolen goods while in Macomb County.

The statement by the assistant prosecuting attorney in his closing argument was prejudicial because without this "theory" there was no way in which the jury could have inferred possession in Macomb County, *i.e.,* that the goods were stolen in Macomb County by defendants and disposed of by them in Wayne County. "[I]t is * * * the duty of the court, * * * to check and control any intemperance of zeal or language that is not warranted by the facts and circumstances shown by the proofs." *People* v. *Aikin* (1887), 66 Mich 460, 480.

This conclusion obviates discussion of the other points raised on appeal.

Reversed.