PEOPLE *v*. SUTTON

1. Criminal Law—Venue—Motion to Dismiss.
   Denial of a criminal defendant's motion to dismiss for failure to prove venue on the ground that the motion was not timely filed was error where the motion was filed seven days before trial began.

2. Criminal Law—Venue—Motion to Dismiss.
   The trial court erred in denying a criminal defendant's motion to dismiss for failure to prove venue where an examination of the

---

References for Points in Headnotes.
[1, 2] 56 Am Jur, Venue § 36.
  21 Am Jur 2d, Criminal Law §§ 399, 434, 512, 513.

preliminary examination transcript reveals that venue was not established and the people admitted they did not establish venue at the preliminary examination.

Appeal from Clare, Robert H. Campbell, J. Submitted Division 3 September 7, 1971, at Grand Rapids. (Docket No. 10513.) Decided October 26, 1971.

Albert Sutton was convicted of the cruel punishment of his stepson. Defendant appeals. Remanded with instructions to vacate the judgment of conviction and to grant defendant's motion to dismiss the prosecution.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jay F. Trucks,* Prosecuting Attorney, for the people.

*Bicknell & Winter,* for defendant on appeal.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

T. M. BURNS, J. Defendant was charged with the cruel punishment of his stepson, a child under the age of 16 years. MCLA § 750.136 (Stat Ann 1962 Rev § 28.331). After a jury trial, defendant was found guilty and sentenced from 1 year, 6 months to 4 years.

Defendant raises three issues on appeal. However, only the issue of whether the trial court erred by the denial of a motion to dismiss which was based on the prosecution's failure to establish venue at the preliminary examination need be discussed. The other alleged errors occurred at trial, but if defendant was improperly bound over for trial, then all the

trial proceedings are nullified and the issues raised need not be discussed.

The trial court did not decide the issue of venue, but denied the motion because it was not timely filed. The motion was filed seven days before the trial began, and the arguments were heard in the judge's chambers before a jury was impaneled. The motion was timely as it was made before the trial began. *People* v. *Hall* (1965), 375 Mich 187. Since we have decided the motion was timely and we have the preliminary examination transcript before us, we can determine whether venue was established without the necessity of remanding the case for a determination of the issue. GCR 1963, 820.7.

We have made a very studious review of the preliminary examination transcript, but have not found any venue established. Also, in reviewing the arguments for the motion to dismiss, we have noted the people admitted they did not establish venue at the preliminary examination, and the trial court made note of this admission.

The case before us is controlled by *People* v. *Hall, supra,* pp 192, 193, where the Supreme Court held:

"Here we are concerned with a failure to prove venue *on examination* and a timely motion to quash before trial. As we previously noted the question in this case required disposition before the defendant was held to trial. Because the proof on examination was fatally inadequate, and timely motion challenging the binding over was made, the circuit court on the record made in the magistrate proceedings was powerless to hold defendant to trial. For this reason the judgment of conviction in the circuit court is vacated and the case is remanded with directions to grant the motion to quash."

In accordance with *Hall,* we are remanding this case to the circuit court with instructions to vacate

the judgment of conviction and grant the motion to dismiss.

All concurred.