KELLY, C.J.
(dissenting). I agree with the majority that MCL 762.8 is inapplicable to defendant’s witness intimidation and solicitation convictions under the facts of this case.* [1] I also concur that Saginaw County was an improper venue for both charges and that People v Flaherty[3] and People v Fisher[2] should be overruled. Finally, I agree with remanding this case to the Court of Appeals for consideration of whether the trial court articulated substantial and compelling reasons for imposing a departure sentence.
However, the remainder of the majority opinion suffers from a fundamental defect. It makes sweeping changes in an important area of the law without considering existing precedent or the ramifications of the changes. I would affirm the Court of Appeals judgment vacating defendant’s conviction for solicitation to commit murder but on a somewhat different basis. I would *597 also vacate defendant’s conviction for witness intimidation because People v Raymond Hall[4] is controlling and requires such a result.
I further dissent from the majority’s decisions to apply MCL 769.26 and especially to apply MCL 600.1645 to venue errors in criminal cases. The majority approaches this case as though it is writing on a blank slate rather than dealing with established jurisprudence that suggests different answers from those the majority embraces. Moreover, the majority’s reliance on MCL 600.1645 obviates the application of MCL 769.26. Venue errors, harmful or not, are no longer grounds for a new trial.
ANALYSIS
It is well established that a defendant must object to venue before the case is submitted to a jury. If he or she fails to object, improper venue is not a ground for disturbing the defendant’s conviction.[5] Courts have frequently invoked MCL 767.45(l)(c) when declining to reverse a defendant’s convictions in cases where an objection had not been timely raised.[6] However, when a defendant has preserved a venue objection, courts have panted relief.[7] MCL 767.45(l)(c) provides that the indictment or information charging a defendant shall include:
That the offense was committed in the county or within the jurisdiction of the court. No verdict shall be set aside or *598 a new trial granted by reason of failure to prove that the offense was committed in the county or within the jurisdiction of the court unless the accused raises the issue before the case is submitted to the jury.
In Hall, this Court considered a defendant’s appeal from his conviction for escape from prison. A preliminary examination was held, and the defendant was bound over for trial. Before trial, he filed a motion to dismiss, challenging the venue and the jurisdiction of the court. The trial court denied the motion, and the defendant was subsequently convicted.
This Court unanimously vacated his conviction. It concluded that the failure to prove venue at the preliminary examination deprived the circuit court of jurisdiction to conduct the subsequent trial. The Hall Court stated:
Such proof established no venue in Alger county, nor any place else. This want of proof could not be supplied on trial. The proceedings before the magistrate were fatally defective. The motion to quash should have been granted. See People v. Jackzo, 206 Mich 183, pp 192, 193 [172 NW 557 (1919)].
Our holding here should not be misconstrued as affecting the settled principle that no verdict shall be set aside nor new trial granted for failure to prove that the offense was committed within the jurisdiction of the court. (See People v. Petrosky, 286 Mich 397 [282 NW 191 (1938)], and CL 1948, § 767.45 (Stat Ann 1954 Rev § 28.985). Nor does it affect the equally settled holding that it is within the discretion of the trial court to reopen a case for the purpose of proving venue. People v. Eger, 299 Mich 49, 58 [299 NW 803 (1941)]. Both of the foregoing holdings are concerned with the failure to prove venue upon trial and the permissible remedies therefor. Here we are concerned with a failure to prove venue on examination and a timely motion to quash before trial. As we previously noted the question in this case required disposition before the defendant was *599 held to trial. Because the proof on examination was fatally inadequate, and timely motion challenging the binding over was made, the circuit court on the record made in the magistrate proceeding was powerless to hold defendant to trial.[8]
In this case, before trial, defendant filed a timely motion to quash the bindover on the charge of solicitation to commit murder. In his accompanying brief, defense counsel argued that the case was not within the jurisdiction of the court because all the relevant alleged acts occurred in Arenac County, not Saginaw County. Therefore, Hall is analogous and is controlling here. [9] Defendant’s conviction for solicitation to commit murder must be vacated and the case remanded with instructions to quash the bindover.
Regarding defendant’s conviction for witness intimidation, defendant also filed a motion to dismiss this charge before trial. As with the solicitation charge, it was apparent at the time of the preliminary examination that the prosecution failed to offer any evidence to show that venue was proper in Saginaw County. Only under the effects-based analysis of the Court of Appeals decisions in Flaherty and Fisher, which the majority *600 overrules, could venue for this offense be proper in Saginaw County.[10] Absent that authority, defendant’s conviction on this offense must fail also.
This conclusion is consistent with MCL 767.45(l)(c). MCL 767.45(l)(c) disallows setting aside a verdict or granting a new trial for failure to prove venue unless the accused objects before the case is submitted to the jury. The affirmative inversion of this rule, as past courts have noted, is that when the issue is preserved, verdicts will be set aside if venue is improper or unproven. [11]
THE MAJORITY’S NEW VENUE RULES
The preceding analysis should fully resolve the issue on appeal in this case. But the majority proceeds, explicitly or sub silentio, overruling numerous cases and jettisoning venerable jurisprudence in its wake. Consequently, I must explain my disapproval of the new venue rules that the majority creates today.
Because Hall controls the outcome of this case, I disagree with the majority’s decision to invoke MCL 769.26 and MCL 600.1645. We did not specifically ask the parties to brief whether improperly laid venue can be harmless error. Hence, the parties devoted, in toto, 4 out of 198 pages of briefing to the harmless error issue, hardly a comprehensive treatment. Nonetheless, the majority seizes on this issue and summarily concludes that improper venue is subject to a harmless error analysis.
*601 The majority thereby discounts the venue error here by concluding that it was harmless under MCL 769.26 or, alternatively, that MCL 600.1645 prohibits vacating defendant’s convictions “solely” on the basis of improper venue. I find the first conclusion unreliable for several reasons and the second wholly without support.
HARMLESS ERROR
The majority recognizes that, for a harmless error analysis to apply to venue errors, it must abolish the requirement that the prosecution prove venue beyond a reasonable doubt. It would be a meaningless exercise to require the prosecution to make such a showing if its failure to succeed would amount to nothing but harmless error.
But in so doing, the majority steamrolls longstanding precedent that requires the prosecution to prove venue beyond a reasonable doubt.[12] It rejects earlier caselaw, arguing that that precedent was abrogated by the Legislature’s adoption of MCL 769.26 in 1927 and MCL 600.1645 in 1961.[13]
A more deliberative approach is needed. First, Hall and Sutton, both decided after enactment of these statutory provisions, constitute strong refutation of the abrogation argument. So too do decades of Court of Appeals caselaw post-dating MCL 769.26 and MCL 600.1645, cases holding that the prosecution must prove venue beyond a reasonable doubt.[14]
*602 Also to be considered is the language in MCL 767.45(1)(c), which the majority largely dismisses. In addition, the requirement that venue be proven beyond a reasonable doubt is enshrined in our standard jury instructions.[15] The majority implicitly overturns all of this and ignores the other arguments that contradict its conclusion, without so much as acknowledging any of it.[16]
Applying a harmless error analysis to venue errors is also an exercise in futility. As this Court recently asked, “[wjhat is the point... if the error is always going to be harmless?”[17] I can imagine few circumstances under which a defendant could demonstrate that it is more probable than not that a venue error was outcome determinative.[18]
Moreover, even if I accepted the majority’s decision to analyze venue errors using a harmless error analysis, I would disagree that harmless error occurred in this case. This defendant offers a more compelling argument than most who allege venue errors; he claims that prosecutors in Arenac County specifically declined to prosecute him for solicitation to commit murder. This assertion, if true, would establish that it is more probable than not that the outcome would have been differ *603 ent but for the venue error. Indeed, it is hard to imagine a scenario that would more convincingly meet the “more probable than not” Lukity standard. Defendant persuasively argues that he would never have been charged with solicitation to commit murder if the case had not proceeded in Saginaw County.
APPLICATION OF MCL 600.1645 TO CRIMINAL CASES
The majority also errs by applying MCL 600.1645 to criminal proceedings, given the dearth of authority to support such an application. The prosecution and defendant also agreed that MCL 767.45(l)(c), not MCL 600.1645, is controlling. The applicability of MCL 600.1645 in criminal cases was not briefed by the parties or even cited in their supplemental briefs. When two justices inquired about the possible applicability of the provision at oral argument, defense counsel responded in part:
First, I don’t want to lose this case on something that I hadn’t even briefed. So if you’re thinking about that I’d appreciate it if I could maybe — I’m always up for writing another brief. So if I can submit another five pages or something on it I’d be more than happy to.
The parties did file post-argument briefs addressing the issue, but even then, they agreed that MCL 767.45(l)(c), not MCL 600.1645, governs venue in criminal proceedings. The prosecution and the majority can point to only one case, People v Milton,[19] where this Court stated generally that provisions of the Revised Judicature Act (RJA)[20] apply to criminal proceedings. However, Milton involved the specific question whether the provisions of the RJA defining jurisdiction applied *604 to criminal cases. Milton did not involve venue or cite MCL 600.1645. Nor did it make any sweeping pronouncement that all provisions of the RJA apply in criminal cases.
The chapter of the RJA in which MCL 600.1645 is located, MCL 600.1601, et seq., specifically states that “[t]he provisions of this chapter relate to venue and are not jurisdictional.”[21] Therefore, Milton is inapplicable. This issue appears to be an open question deserving far more analysis than the majority has given it.
There is little basis for the majority’s decision to apply MCL 600.1645 to criminal cases. First, the language used in MCL 600.1645 suggests that it does not apply to criminal cases. MCL 600.1645 states that no “order, judgment, or decree shall be void or voidable solely on the ground that there was improper venue.”[22] By contrast, MCL 767.45(l)(c) states that “[n]o verdict shall he set aside or a new trial granted by reason of failure to prove that the offense was committed in the county or within the jurisdiction of the court unless the accused raises the issue before the case is submitted to the jury.”[23] It follows that MCL 767.45(l)(c) is more directly and specifically applicable to venue errors in criminal cases than MCL 600.1645.[24]
*605 Second, if the majority wishes to apply RJA provisions to criminal cases, it ought to apply those that explicitly state that they apply to such cases. MCL 600.8312(1) to (4) state that venue in criminal actions for violations of state law and various ordinances “shall” be in the county, district, or political subdivision where the violation took place.[25] MCL 600.8312(5), by contrast, specifically states that “[v]enue in civil actions ... shall be governed by sections 1601 to 1659 . ...” By explicitly stating that MCL 600.1645 applies to venue in civil actions, the Legislature has implicitly indicated that it does not apply in criminal cases.[26] Third, Hall also expressly contradicts the ma *606 jority’s decision to apply MCL 600.1645 to criminal cases. Hall specifically held that a defendant’s conviction is void because the court is “powerless” to try him if venue was not proven at the preliminary examination.[27]
Finally, the majority’s application of MCL 600.1645 is unnecessary and its ramifications are unclear. Why must MCL 600.1645 apply at all to criminal cases if venue errors are subject to harmless error analysis under MCL 769.26? Conversely, applying MCL 600.1645 makes MCL 769.26 irrelevant in this context. Under the majority’s analysis, venue errors are not cause for reversing a conviction “solely” on the basis of improper venue. Thus, MCL 769.26 is superfluous because, even if a defendant shows that a venue error was harmful, absent any other error, MCL 600.1645 would nevertheless preclude reversal.
Also, to what extent are other provisions of the RJA now applicable to criminal cases? Will other provisions of the Code of Criminal Procedure be rendered irrelevant because RJA provisions will control instead? The majority opinion spawns many questions but offers few answers.
CONCLUSION
I agree with the majority that MCL 762.8 does not apply to this case. I also agree that Saginaw County was an inappropriate venue for the witness intimidation and solicitation to commit murder charges and that Flaherty and Fisher should be overruled. However, I vigorously dissent from the new venue rules that this majority has so casually established.

 I do not believe that the crimes of solicitation to commit murder or witness intimidation could never consist of the culmination of two or more acts, making MCL 762.8 applicable. I also do not read the majority opinion to stand for that proposition.

 People v Flaherty, 165 Mich App 113; 418 NW2d 695 (1987).

 People v Fisher, 220 Mich App 133; 559 NW2d 318 (1996).

 People v Raymond Hall, 375 Mich 187; 134 NW2d 173 (1965).

 MCL 767.45(l)(c). This specific statutory provision, was enacted in 1927 but existed in some form well into the 19th century.

 See, e.g., People v Petrosky, 286 Mich 397, 400-401; 282 NW 191 (1938); People v Carey, 36 Mich App 640, 641; 194 NW2d 93 (1971).

 Hall, 375 Mich at 192; see also People v Sutton, 36 Mich App 604, 606-607; 194 NW2d 3 (1971).

8 Hall, 375 Mich at 192 (emphasis in original).

 I do not agree with the majority’s attempt to distinguish Hall from this case. First, the majority discounts Hall because it cited Jackzo (which the majority today concludes was abrogated by MCL 769.26 and MCL 600.1645) and did not cite MCL 769.26. This argument makes Hall inapplicable only if one accepts without question the majority’s underlying premise that MCL 769.26, not MCL 767.45(l)(c), applies here and that MCL 769.26 abrogated Jackzo.
The majority also cites a later case, People v Lisa Hall, 435 Mich 599; 460 NW2d 520 (1990), for the proposition that “error at the preliminary examination stage should be examined under a harmless error analysis.” Id. at 602. But the 1990 Hall case did not involve venue. It did not cite the earlier Hall case that involved a different defendant, and nowhere stated that it applied to all errors at the preliminary examination stage.

 The prosecution’s only argument was that venue was proper in Saginaw County because defendant intimidated the witness to prevent him from testifying in a proceeding in Saginaw County.

 I see no basis for distinguishing between allegations that venue was improper and allegations that venue was not proven. In either case, insufficient evidence exists to support venue in the location where the proceedings occurred.

 People v Jackzo, 206 Mich 183; 172 NW 557 (1919); People v Warner, 201 Mich 547; 167 NW 878 (1918); People v Ayers, 182 Mich 241; 148 NW 383 (1914).

 See ante at 592.

 People v Gayheart, 285 Mich App 202, 216; 776 NW2d 330 (2009); People v Webbs, 263 Mich App 531, 533; 689 NW2d 163 (2004); People v Fisher, 220 Mich App 133, 145; 559 NW2d 318 (1996); People v Belanger, *602 120 Mich App 752, 755; 327 NW2d 554 (1982); People v Plautz, 28 Mich App 621, 622-623; 184 NW2d 761 (1970).

 See CJI2d 3.10.

 I agree with Justice Cavanagh’s observation that the majority also neglects the rule that “legislative amendment of the common law is not lightly presumed.” Post at 608 (Cavanagh, J., dissenting) (quotation marks and citations omitted).

 People v Francisco, 474 Mich 82, 92 n 10; 711 NW2d 44 (2006).

 I continue to believe that this Court’s test for preserved nonconstitutional error established in People v Lukity, 460 Mich 484; 596 NW2d 607 (1999), is wrong. See Justice Cavanagh’s dissenting opinion in Lukity, which I joined. Id. at 504-510 (Cavanagh, J., dissenting).

 People v Milton, 393 Mich 234; 224 NW2d 266 (1974).

 MCL 600.101 et seq.

 MCL 600.1601.

 MCL 600.1645.

 MCL 767.45(l)(c) (emphasis added). Thus, I cannot agree with the majority that MCL 600.1645 is “consistent” with MCL 767.45(l)(c). Ante at 592 n 38.

 “ ‘It is a rule of statutory construction — “that where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision.. '' Reed v Secretary of State, 327 Mich 108, 113; 41 NW2d 491 (1950), quoting Heims v Davison *605 Twp Sch Dist No 6, 253 Mich 248, 251; 234 NW 486 (1931), quoting Crane v Reeder, 22 Mich 322, 333-334 (1871).

 As we have stated numerous times, the word “shall” constitutes a mandatory directive. See, e.g., Oakland Co v Michigan, 456 Mich 144, 154-155; 566 NW2d 616 (1997) (opinion by Kelly, J.).
MCL 600.8312 is located in the section of the RJA addressing district courts, as the majority observes. I cite it because it offers support for the proposition that the Legislature did not intend MCL 600.1645 to he applied to criminal cases. Why would MCL 600.1645 apply only to “civil actions” in district courts, yet apply to both civil and criminal actions in circuit courts?
I also note that MCL 600.8311(d) gives district courts jurisdiction over preliminary examinations “in all felony cases and misdemeanor cases not cognizable by the district court. ...” Thus, MCL 600.8312 does apply to felony cases, or, at a minimum, to their preliminary examinations. This conclusion is further bolstered by the fact that this Court recently cited MCL 600.8312 as authority in a criminal case tried in circuit court. People v Jendrzejewski, 455 Mich 495, 499 n 4; 566 NW2d 530 (1997).

 Thus, I strongly disagree with Justice Corrigan’s concurrence, which would broaden the application of MCL 600.1645 even further than the majority does. Although requiring objections to improper venue in criminal cases to be raised in an interlocutory appeal may be a wise policy decision, it is not what the Legislature requires. Rather, MCL 767.45(l)(c), which does apply to such errors, requires only that a defendant raise a venue objection before the case is submitted to a jury.

 Hall, 375 Mich at 192.