PEOPLE *v.* FACZEWSKI.

1. CRIMINAL LAW—TRIAL—INSTRUCTION AMOUNTING TO COERCION REVERSIBLE ERROR.

   An instruction on the part of the court which may coerce the jury into agreeing upon a verdict constitutes reversible error.

2. SAME — INSTRUCTIONS — FAILURE TO FOLLOW STATUTORY PROVISIONS RELATING TO JURY TRIALS.

   Where, after deliberating for several hours in a criminal case and failing to agree, the jurors were called into the court room by the trial judge, and, in the absence of the court stenographer, were given further instructions which defendant's counsel claims amounted to coercion of the jury, and which were not reduced to writing or made part of the record, the case is reversed for failure of the trial judge to follow the statutory provisions (3 Comp. Laws 1915, § 12630, as amended by section 29, chap. 8, Act No. 175, Pub. Acts 1927), in reference to conducting jury trials.

Error to Wayne; Marschner (Adolph F.), J. Submitted April 12, 1928. (Docket No. 169.) Decided June 4, 1928.

Adam Faczewski was convicted of statutory rape, and sentenced to imprisonment for not less than 4 nor more than 10 years in the State prison at Jackson. Reversed.

*Raymond M. Shock* (*Frederick E. McCain,* of counsel), for appellant.

*Wilbur M. Brucker,* Attorney General, *Robert M. Toms,* Prosecuting Attorney, and *Lloyd A. Loomis,* Assistant Prosecuting Attorney, for the people.

NORTH, J.     The defendant was convicted of the

---

[1]Criminal Law, 16 C. J. § 2563; [2]Id., 17 C. J. § 3712.

crime of statutory rape. The only question about which there was a conflict of testimony was the age of the prosecutrix. After deliberating several hours, the jurors were called into the court room by the trial judge, and, it is claimed by the defendant, they were asked in the absence of the court stenographer why they could not agree, and were instructed to find a verdict or some of them would be dismissed from the panel. The defendant made a motion for a new trial, assigning the above circumstances in paragraph three of his motion as one of the reasons why the same should be granted. The defendant's attorney filed his own affidavit in support of this motion, which affidavit in part is as follows:

"Deponent further says that at two different times the jury stated they could not agree and would not agree on a point of fact, viz.: the age of the complaining witness. That when the jury came before the court the second time, they were instructed to find a verdict or some of them would be dismissed from the panel.

"Deponent further says that the verdict rendered was unfair and that the court erred in not declaring a mistrial when the only fact at issue in the case was not fairly decided by the jury."

The motion for a new trial was denied, and in his opinion filed the circuit judge stated:

"The court did not in effect charge the jury as alleged in paragraph three of the defendant's motion. * * * After considerable deliberation in their jury room the jury were called in by the court to ascertain whether or not it was possible for them to agree. The forelady of the jury informed the court that they were discussing in their jury deliberations the question of punishment. The jury was specifically instructed again that the matter of punishment was not a question for them to determine," etc.

The record in this case is a practical illustration of the serious consequences which may result from the

failure of a trial court to follow the statutory provision for conducting jury trials in courts of record.

"Hereafter in all jury trials in courts of record, in charging or instructing juries, the court shall instruct them only as to the law of the case; and such instructions * * * shall be taken in full by the court stenographer, or in case there be no stenographer, shall be in writing and filed in the case." 3 Comp. Laws 1915, § 12630.

The foregoing section has been somewhat modified by section 29, chap. 8, Act. No. 175, Pub. Acts 1927; but the practice here involved has not been changed. Because of the failure to have a proper stenographic report made of the instructions given by the court or in lieu thereof having such instructions reduced to writing and filed in the case, we have before us a record in which it is charged in behalf of the defendant that statements were made to the jury which were of a highly prejudicial character. This claim in behalf of the defendant is not covered specifically enough in the opinion filed by the circuit judge to justify the conclusion that the defendant had a fair and impartial trial and that the verdict of the jury was free from coercion. It appears otherwise on the face of this record.

"The rule that an instruction on the part of the court which may coerce the jury into agreeing upon a verdict constitutes reversible error seems well established." *People* v. *Kasem,* 230 Mich. 278.

See, also, *People* v. *Strzempkowski,* 211 Mich. 266 (10 A. L. R. 420). The fact that the record in this case was not made and preserved as provided by the statute should not be charged against the defendant nor should his liberty be jeopardized thereby.

The case is reversed and a new trial ordered.

FEAD, C. J., and FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred. POTTER, J., did not sit.