PEOPLE *v.* DIGIONE.

1. CRIMINAL LAW—EVIDENCE—ADMISSIONS ADMISSIBLE AGAINST INDIVIDUAL DEFENDANTS ALTHOUGH NOT ADMISSIBLE ON CONSPIRACY COUNT.

In prosecution under Act No. 119, Pub. Acts 1927, one count charging defendants with placing of explosive against building with intent to destroy or injure same contrary to section 2 of act, and second count charging conspiracy with respect thereto under section 5, testimony of admissions or declarations of each defendant was admissible against him on first count, and in absence of request to so limit effect of said testimony, there was no reversible error in admitting it, even if objection against its admission was good under second count.

2. SAME—TRIAL—COERCION.
   Where, in prosecution for bombing building, jury had been out long time, action of trial judge in reading to them their oath as jurors, admonishing them to consider the evidence, and cautioning them that they should not differ arbitrarily, but should discuss each point fully, fairly, and freely with the idea of reaching a verdict, *held*, not to amount to coercion.

Error to Ingham; Collingwood (Charles B.), J. Submitted January 16, 1930. (Docket No. 142, Calendar No. 34,604.) Decided March 7, 1930.

James Digione, Frank Scarpino, Carl Magnotto, and Frank Rosso were convicted of placing an explosive against a building with intent to destroy it. Affirmed.

*Frank L. Dodge* and *Harry F. Hittle,* for appellants.

*Wilber M. Brucker,* Attorney General, *John W. Bird,* Prosecuting Attorney, and *Dan D. McCullough,* Assistant Prosecuting Attorney, for the people.

CLARK, J. Defendants bring error to review judgments entered upon a verdict of guilty as charged under an information containing two counts, one charging the placing of an explosive against a building with intent to destroy or injure the same in whole or in part, and which explosive caused destruction of the property of another, contrary to section 2, Act No. 119, Pub. Acts 1927, the other charging conspiracy with respect thereto and under section 5 of the same act.

The explosion occurred in Lansing about 1:20 in the morning, and a few moments later three of the defendants, in an automobile leaving the city for

their homes in Jackson, were arrested. The fourth defendant, a resident of Lansing, was brought in later that morning. Questioned separately, and later together, at least three of the defendants made admissions or declarations somewhat damaging to themselves. In the trial, testimony of the admissions or declarations was received over objection that they had not been made in the prosecution of the alleged conspiracy or while it was still in progress, but after it had been completed, and were mere hearsay, not binding upon or evidence against any of them, in support of which counsel cite *People* v. *Pitcher,* 15 Mich. 397, *People* v. *Parker,* 67 Mich. 222 (11 Am. St. Rep. 578), and other authorities. If it be conceded the objection was good under the count for conspiracy, nevertheless the testimony must be held admissible under the other count. The admissions or declarations of each defendant were admissible against him. As the court was not requested to control the effect of this testimony, we cannot find reversible error in this regard.

Defendants' counsel seem to have had the impression the first count had been abandoned. The record does not support it. The case went to the jury on both counts, with verdict as stated.

It is urged the jury was not instructed of the theory and nature of the defense on the facts. The record does not show what it was. None of defendants' testimony appears. The only defense indicated is that given by the court upon arraignment, a plea of not guilty. This defense was covered in the charge.

The jury was out a long time, and, it seems, had difficulty in reaching a verdict. They were permitted to separate for the night. On their return into court the following morning the judge made

some remarks to them and to a jury considering another case. He read to them the oath of jurors, to "well and truly try" the issue and "a true verdict give therein according to the law and the evidence given you in open court." He admonished them to consider the evidence, cautioned that, while "reasonable men can reasonably differ about certain things," they should not differ arbitrarily, and further said, quoting in part:

"Well, let us see what the facts are back of that:
"A man said so and so; let us see if the evidence back of that supports it. And as near as possible you should keep your minds open, ready to discuss the evidence. And if, at any time, there is a difference of opinion as to what the evidence is in the court, we have it all taken down and the stenographer will read it to you. Any point that you are differing about. Or, if you differ about the law, on any one question and one man says the court said so and so, and the other says, no, the court said so and so. Well, come in, and I will have the charge read to you. But, the point is not to get set over some point. But discuss it fully and fairly and freely. Not with the idea of getting a verdict of guilty or not guilty but with the idea of reaching a verdict which is a verdict of twelve reasonable and intelligent citizens.

"And, it so happens that I can talk to both juries in the same way. Now, today, I am going to send you out, back to your jury rooms, to arrive at some kind of a verdict if you can. Now, you understand I am not trying to coerce you in any way, shape or manner, you have your own minds and it is not for me in any way to attempt to change that mind. I am simply attempting to tell you that you should look at the matter fairly and freely and honestly just as you do any other matter."

Later in the day the jury returned for further instruction and the court read to them portions of the charge in response to their requests.

Late in the afternoon the jury came in with the verdict. It is urged that it was coerced. We have given the unusual incident serious consideration, and are of the opinion that it does not amount to coercion, and we are constrained to hold it not reversible error.

Remaining assignment relates to instructing the jury, and it is held not to require reversal.

Affirmed.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. McDONALD, J., did not sit.