PEOPLE v. SPRINGER.

CRIMINAL LAW—PROCEDURE—INSTRUCTIONS TO JURY—COERCED VER-
DICT—FIRST-DEGREE MURDER.

Suggestion by trial court to jury in a first-degree murder case
that they return to the jury room, deliberate further and at-
tempt to reach a verdict after they came into the court fol-
lowing 2–1/2 hours of deliberation and said that they had
been unable to agree *held*, not coercion of a verdict by the
trial court (CL 1948, § 750.316).

Appeal from Recorder's Court of Detroit, Bren-
nan (Vincent J.), J.   Submitted Division 1 October
8, 1968, at Detroit.   (Docket No. 3,345.)   Decided
October 22, 1968.

William James Springer was convicted of first-
degree murder.   Defendant appeals.   Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *William L. Cahalan*,
Prosecuting Attorney, *Samuel J. Torina*, Chief Ap-
pellate Lawyer, and *Walter Gibbs*, Assistant Pros-
ecuting Attorney, for the people.

*John F. Mayer*, for defendant on appeal.

PER CURIAM.   Defendant was convicted of first-
degree murder.*   The people contended that the

---

* CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548).

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 941 *et seq.*

homicide occurred during the perpetration of a robbery.

On appeal defendant alleges reversible error in that (1) the court failed to charge the jury on included offenses, (2) the court refused to instruct the jury that no presumption is created against the defendant because of his failure to take the stand and testify, and (3) that the court by its instruction to the jury coerced a verdict.

Under the facts of this case there was no reversible error committed by the trial court in failing to charge as to included offenses. *People* v. *Hearn* (1958), 354 Mich 468.

A review of the record discloses that the court substantially covered all of the defendant's requested instructions to the jury.

After 2-1/2 hours of deliberation the jury returned to the courtroom and announced inability at that time to reach a verdict. The court suggested that the jury try to continue its deliberations and attempt to reach a verdict. We find no coercion in the court's comments to the jury.

Affirmed.

J. H. Gillis, P. J., and R. B. Burns and Kelley, JJ., concurred.