PEOPLE v. COLES

1. INDICTMENT AND INFORMATION—AMENDMENTS—DISCRETION.

The trial court has broad discretion to permit amendments to the information at any time, even after the trial has commenced (MCLA § 767.76).

2. INDICTMENT AND INFORMATION—AMENDMENTS—LESSER INCLUDED OFFENSE—PREJUDICE.

A defendant was not prejudiced by an amendment adding a charge of attempting to commit larceny to the information charging larceny, even though the amendment was not made until after the trial had begun, because the defendant could have been convicted of the attempt charge whether or not it appeared in the information, since it was a lesser included offense.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur 2d, Indictments and Informations §§ 201, 204.
[2] 41 Am Jur 2d, Indictments and Informations §§ 171–208.
[3–6] 53 Am Jur, Trial §§ 950–964 *et seq.*

3. TRIAL—VERDICTS—COERCED VERDICT.

The trial judge may, within permissible limits, urge and assist the jury in reaching a verdict so long as nothing is said to coerce an agreement, to indicate what verdict should be rendered, or to encourage any juror to give way at the expense of his honest convictions.

4. TRIAL—VERDICTS—COERCED VERDICT—RESUMPTION OF DELIBERATION.

Directing the jurors to resume deliberations after they have announced their inability to reach a verdict is not beyond the permissible limits of the trial court's discretion to urge the jury to reach a verdict.

5. TRIAL—VERDICTS—COERCED VERDICTS—FURTHER DELIBERATION.

Returning the jury for further deliberations when one juror has suggested that he might not be available the next day is not erroneous.

6. CRIMINAL LAW—TRIAL—VERDICTS—COERCED VERDICT.

Directing the jury, in a criminal case, to resume deliberations after they had announced their inability to reach a verdict and telling them that the case would have to be retired if they failed to agree, that they would all have to return the next day if they could not agree, that they should listen to the other jurors' arguments, that the other jurors should listen to their arguments, and that they must seriously consider the evidence was not coercive, was not beyond the permissible limits of urging and aiding the jury to reach a verdict, and did not prejudice the defendant's right to free and unfettered deliberations of the jurors.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 October 16, 1970, at Marquette. (Docket No. 8,545.) Decided December 2, 1970.

Ronald Coles was convicted of attempted larceny of property valued at over $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,*

Prosecuting Attorney, *Donald A. Johnston III,* Chief Appellate Attorney, for the people.

*William J. Heyns,* for defendant on appeal.

Before: Fitzgerald, P. J., and McGregor and O'Hara,* JJ.

O'Hara, J. Defendant appeals his conviction by a jury of the offense of attempted larceny over $100. MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).

The information against defendant originally charged him only with the offense of larceny over $100. MCLA § 750.356 (Stat Ann 1970 Cum Supp § 28.588). At trial, and after the testimony of the first prosecution witness, the prosecutor moved to amend the indictment to include an added count of attempted larceny over $100. Defendant objected to the amendment adding the new charge and assigns error to the court's action in permitting this amendment.

The trial court has broad discretion to permit amendments to the information at any time, even after the trial has commenced. MCLA § 767.76 (Stat Ann 1954 Rev § 28.1016). The added count of attempted larceny was a lesser included offense of the original charge of larceny and defendant could have been convicted of the new charge whether or not it was in the information. *People* v. *Webb* (1901), 127 Mich 29. Defendant, therefore, could not have been prejudiced by the addition of an added count against which he was already required to defend.

Defendant's second contention on appeal is that the trial judge, by his statements during the jury's

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

deliberations, unduly influenced the jury, coercing them to reach a verdict.

After deliberating for some time the jury returned and informed the judge that they could not reach a verdict. The judge then informed the jury that if they could not reach a verdict that day that, perhaps, they could resume deliberations in the morning and come to a conclusion. It appears that, at this point, one member of the jury informed the judge that he had to be in Detroit the next day. The jury returned to deliberations, but returned once again and informed the judge they could not agree. After additional instructions, the judge told the jury that he would have them deliberate again for ten minutes and if they could not reach agreement he would bring them back the next morning. The jury again returned to deliberate and shortly thereafter returned with a verdict of guilty.

The trial judge may, within permissible limits, urge and assist the jury in reaching a verdict so long as nothing is said to coerce an agreement, to indicate what verdict should be rendered, or to encourage any juror to give way at the expense of his honest convictions. *People* v. *Kasem* (1925), 230 Mich 278, 290, 291.

In the instant case the judge told the jury, among other things, that if they were unable to reach a verdict the case would have to be retried; that if they failed to agree that day they would all have to return the next morning to continue deliberations; that they should listen to each other, and the arguments of other jurors, and the other jurors should listen to their arguments; and that they should give serious consideration to the evidence. Then he gave them additional instructions.

It is not beyond the permissible limits of the trial court to direct the jury to resume deliberations after

they have announced their inability to reach a verdict. *People* v. *Springer* (1968), 13 Mich App 621. It is not erroneous for the trial court to return the jury for further deliberations when one juror has suggested that he might not be available the next day. *People* v. *Rabin* (1947), 317 Mich 654, 665.

What is forbidden is language designed to coerce the jury to reach a verdict (*People* v. *Faczewski* (1928), 242 Mich 523), or to cause members of the jury to believe that the verdict need not be the result of their own convictions. *People* v. *Engle* (1898), 118 Mich 287. See also, *People* v. *Tutha* (1936), 276 Mich 387; *People* v. *Chivas* (1948), 322 Mich 384; *People* v. *Pizzino* (1945), 313 Mich 97, 102; *People* v. *Digione* (1930), 250 Mich 206; *People* v. *Maxwell* (1966), 3 Mich App 264, 267, 268.

In this case there is nothing in any of the statements by the judge to the jury which oversteps the permissible bounds of his role. The sum of all the judge's statements to the jury, together with circumstances, is not coercive. They cannot be said to have prejudiced the defendant's right to free and unfettered deliberations on the part of the jury, or to have interfered with the ability of each juror to act according to his honest convictions.

Affirmed.

All concurred.