PEOPLE *v.* GEVING

1. INDICTMENT AND INFORMATION — QUASHING INFORMATION — EVIDENCE.

Trial court correctly denied defendant's motion to quash an information charging sale of marijuana on grounds of incompetent testimony of a people's expert witness where the witness testified that he had first come into contact with marijuana in a packet on a certain date which was subsequent to the date on which his testimony was taken because this was obviously a misstatement by the witness.

2. CRIMINAL LAW—PLEA OF GUILTY—BARGAINED PLEA—WAIVER OF RIGHTS—CONSTITUTIONAL LAW—STATUTES—COURT RULES.

Defendant's bargained plea of guilty of a lesser offense was not invalid for that reason, the record was not a silent one as to waiver of his constitutional rights, and the entry of the plea fully complied with all the requirements of Michigan statutes and court rules and with all Federal constitutional requirements where defendant's counsel stated that defendant wished to plead guilty, had been advised of his constitutional right to trial by the court or by a jury, that he must be proven guilty beyond a reasonable doubt and that he made his decision freely and voluntarily without coercion or threats and defendant stated he agreed with what his attorney said, that he understood the maximum sentence and that he had attempted to commit the offense (MCLA § 768.35; GCR 1963, 785.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 41 Am Jur 2d, Indictments and Informations §§ 281, 283, 286.
[2] 21 Am Jur 2d, Criminal Law §§ 484–496.
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 November 9, 1970, at Lansing. (Docket No. 9087.)  Decided December 8, 1970.

Paul W. Geving was convicted, on his plea of guilty, of attempted possession of marijuana. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Dennis Donohue,* Chief Appellate Counsel, for the people.

*Frances R. Avadenka,* for defendant on appeal.

Before: QUINN, P. J., and DANHOF and CARROLL,* JJ.

PER CURIAM.  Defendant was originally charged with the sale of marijuana.[1]  After negotiation with the prosecutor the people moved to add the additional count of attempted[2] possession of marijuana.[3] He pled guilty to the second charge and was sentenced pursuant thereto.

On November 29, 1968 the people's expert witness testified that he had first come into contact with the substance in the packet on December 23, 1968.  Defendant claims that this conclusively shows that all testimony from this witness was incompetent and that therefore his motion to suppress the evidence (properly a motion to quash the information) should have been granted.  This was obviously a misstatement of the date by the people's expert witness and the court correctly denied the motion.

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122).
[2] MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).
[3] MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

The main contention of defendant is that his guilty plea was not properly accepted. An examination of the record in this case shows that the requirements of MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058) and GCR 1963, 785.3 were met. There would be no merit in defendant's argument were it not for the recent case of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). *Boykin,* it is argued, renders this otherwise valid plea invalid.

This was a bargained plea. It is not invalid for that reason. *People* v. *Jackson* (1969), 20 Mich App 414. Defendant and his counsel were present when the plea was accepted. Counsel stated in open court that defendant wished to plead guilty, was in fact guilty, had been advised of his constitutional right to trial by the court or by a jury, that he must be proven guilty beyond a reasonable doubt and stated that he made his decision "freely and voluntarily, without coercion or threats". Defendant stated that he agreed with what his attorney said, that he understood the maximum sentence, and that he had in fact attempted to sell narcotics.

*Boykin, supra,* as interpreted by the United States Supreme Court in *Brady* v. *United States* (1970), 397 US 742 (90 S Ct 1463, 25 L Ed 2d 747) and this Court in *People* v. *Jaworski* (1970), 25 Mich App 540, does not hold that there must be an on-the-record waiver of each of the enumerated constitutional rights before a guilty plea can be accepted. The United States Supreme Court, rather, emphasized that a waiver could not be presumed from a silent record devoid of any affirmative showing that the defendant voluntarily and understandingly entered his plea.

The record of the guilty plea in this case is not a silent one. While brief, it shows that the entry of

the plea of guilty fully complied with all the require-
ments of the Michigan statutes and court rules and
with all the Federal constitutional requirements.

The people do not oppose defendant's contention
that he is entitled to receive credit for an additional
209 days spent in the county jail. He should be
allowed same.

There being no error, the decision of the lower
court is affirmed and defendant is awarded his jail
time.

Affirmed.