PEOPLE *v.* KING

1. CRIMINAL LAW—RES GESTAE WITNESS—INDORSED WITNESS—DUTY TO PRODUCE.

> A prosecutor is duty-bound to produce an indorsed *res gestae* witness at trial unless he is excused by showing due diligence in attempting to locate that witness.

2. CRIMINAL LAW—RES GESTAE WITNESS—INDORSED WITNESS— FAILURE TO PRODUCE—DUE DILIGENCE.

> Failure to produce at trial an indorsed *res gestae* witness was excused by the prosecutor's due diligence in attempting to produce the witness where the record showed that the postal authorities returned a letter from the prosecutor addressed to the witness at his last known address; that the postal authorities indicated that the witness had moved, and had left no forwarding address; that the witness's mother said the witness was staying with his grandmother, but a police visit to the grandmother's address produced no response; and that the authorities at the witness's school had no record of the witness.

3. CRIMINAL LAW—RES GESTAE WITNESS—INDORSED WITNESS— FAILURE TO PRODUCE—TIMELY OBJECTION.

> Defense counsel's failure to object that an indorsed *res gestae* witness was not present at trial where counsel was aware of the witness's absence showed that defense counsel was satisfied that reasonable efforts had been made to locate the witness (GCR 1963, 516.2).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 41 Am Jur 2d, Indictments and Informations § 60.
[4, 5] 29 Am Jur 2d, Evidence § 371 *et seq.*
   Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.

4. CRIMINAL LAW—PRETRIAL IDENTIFICATION—APPEAL AND ERROR—
STANDARD OF REVIEW.

Pretrial identification of a suspect is proper and will be set
aside only if the method used is so impermissibly suggestive
that there is a substantial likelihood of irreparable misidenti-
fication.

5. CONTINUANCE—CRIMINAL LAW.

Refusal to grant a continuance so that defendant's trial counsel
could confer with defendant's lineup attorney was proper where
trial counsel, knowing that a lineup had been held, should
have known that an attorney had been present, because the
failure to confer with the lineup attorney before trial was
because of trial counsel's own negligence.

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J. Submitted Division 1 October 13,
1970, at Detroit. (Docket No. 7327.) Decided
March 30, 1971.

James King was convicted of armed robbery.
Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief
Appellate Lawyer, and *Robert A. Reuther,* Assist-
ant Prosecuting Attorney, for the people.

*David Harris,* for defendant on appeal.

Before: GILLIS, P. J., and DANHOF and MAHIN-
SKE,* JJ.

PER CURIAM. Defendant was found guilty by a
jury of armed robbery[1] and was sentenced to a
term of 15 to 20 years in prison. On appeal he
contends that reversible error was committed by

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

the failure of the prosecution to produce at trial an indorsed *res gestae* witness, prejudicial identification procedures, denial to trial counsel of time to confer with the attorney present at the lineup, and by an additional charge being given to the jury after they had been deliberating for some time.

Kenneth Baker, stock boy in the grocery store at the time of the robbery, was a witness to the crime and was indorsed as a *res gestae* witness. By indorsing the name of a witness on the information the prosecutor becomes duty bound to produce him at the trial. The prosecutor may be excused from producing the witness if he shows due diligence in attempting to produce him, *People* v. *Kern* (1967), 6 Mich App 406; *People* v. *Zabijak* (1938), 285 Mich 164. The record in this case clearly shows that a letter addressed to Kenneth Baker at his last known address was returned to the police department by the postal authorities with an indication that Kenneth Baker had moved from his last known address. Thereafter the police contacted the postal authorities and were informed that there was no forwarding address; the postman on the route stated that he had no knowledge of a forwarding address; the mother of Kenneth Baker was contacted and she indicated that her son was not residing at their home, but was staying with his grandmother; a visit by the police was made to the address of the grandmother but they received no response; and school authorities had no record of Kenneth Baker. While the trial court did not explicitly rule that due diligence had been shown by the prosecutor, it is clear from the record that reasonable efforts to locate the witness had been made by the prosecution and such a ruling should have been made. Thus, in accordance with the powers granted to this Court by GCR 1963, 820.1(7) we so hold. We note fur-

ther from the record that defense counsel was aware of the witness being absent, and yet at the time of the instructions by the court made no objection as required by GCR 1963, 516.2. Thus, it is clear that defense was satisfied that reasonable efforts had been made to locate the missing witness. We find no error.

The complainant was called to police headquarters on three occasions to look at photographs. She identified defendant first from his picture and then in a lineup. Pretrial identification is proper and will be set aside only if found to be so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Simmons* v. *United States* (1968), 390 US 377 (88 S Ct 967, 19 L Ed 2d 1247). The record discloses that the identification procedures were not suggestive and that the in-court identification was based on complainant's own recollections independent of photographs or lineup.

Defendant next charges that it was error for the trial court to refuse to stop proceedings so that defense counsel could confer with the attorney present at the lineup. Counsel was aware that a lineup had been held and should have known that an attorney was present. *United States* v. *Wade* (1967), 388 US 218 (87 S Ct 1926, 18 L Ed 2d 1149). Failure to confer with the lineup attorney prior to trial was counsel's own negligence and a continuance was properly refused. GCR 1963, 503.1.

Finally, defendant assigns as error the giving of the following instruction after the jury had been deliberating for some time:

"Members of the jury, it appears that you are having some difficulty in arriving at a verdict in this case. I would remind you and each and every

one of you, that you took an oath to fairly and impartially hear this case and render your judgment thereon.

\* \* \*

"I have no way of knowing how you are guided or where you are in the deliberations of this case, but I would say this to you in conferring together you ought to pay proper respect to each other's opinion and to each other's argument.

\* \* \*

"In order to bring twelve minds to a unanimous result, you must examine the evidence submitted to you with fairness and proper regard in deference to the opinion of others as well as to your duty as jurors to fairly decide this case."

Here, as in *People* v. *Maxwell* (1966), 3 Mich App 264, 268:

"A fair reading of this colloquy convinces us that it was a reasonable interrogation of the jury designed to obtain a considered verdict rather than to force a hasty one. See *People* v. *Pizzino* (1945), 313 Mich 97, and *People* v. *Kasem* (1925), 230 Mich 278."

Affirmed.