PEOPLE v. BORADERS

1. Criminal Law—Public Trial—Court's Conference with Attorneys—Defendant's Presence.
   A defendant's right to be present at a public trial is not infringed upon by his alleged inability to hear what transpires during a conference at the bench between the court and the attorneys for the defense and prosecution.

2. Trial—Jury—Inability to Agree—Directing Resumption of Deliberations.
   Directing a jury to resume deliberations after they have announced their inability to reach a verdict is not error.

Appeal from Recorder's Court of Detroit, Frank G. Schemanske, J. Submitted Division 1 March 2, 1971, at Lansing. (Docket No. 10463.) Decided April 30, 1971.

Nathaniel Boraders was convicted of larceny from a motor vehicle. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

References for Points in Headnotes
[1] 53 Am Jur, Trial § 24.
[2] 53 Am Jur, Trial § 962.
   Time jury may be kept together for disagreement in criminal case. 93 ALR2d 627.
   Comments and conduct of judge calculated to coerce or influence jury to reach verdict in criminal case. 85 ALR 1420.

Before: BRONSON, P. J., and QUINN and DANHOF, JJ.

PER CURIAM. Defendant was convicted of larceny from a motor vehicle, contrary to MCLA § 750.356a (Stat Ann 1954 Rev § 28.588[1]). His appeal as of right from that conviction is met by the prosecuting attorney's motion to affirm. GCR 1963, 817.5(3).

It is manifest that the issues raised, on which decision of the cause depend, are so unsubstantial as to need no argument or formal submission.

Defendant's right to be present at a public trial was not infringed upon by his alleged inability to hear what transpired during a conference at the bench between the court and counsel for both parties. There was sufficient evidence introduced as to the value and identity of the item stolen from the vehicle.

Defendant's challenge to a number of the prosecuting attorney's remarks in closing argument will not be considered on appeal because no objections were made to the remarks at trial. The one remark which defendant did object to was not reversible error where the objection was sustained and the prosecuting attorney did not pursue the matter further. The five allegations of deficiencies in the instructions are not considered on appeal because no request for instructions were made below and because no objections were made to the instructions given or omitted by the trial court.

Finally, the trial court did not err by directing the jury to resume deliberations after they had announced their inability to reach a verdict. *People v. Coles* (1970), 28 Mich App 300; *People v. Springer* (1968), 13 Mich App 621.

Motion to affirm is granted.