PEOPLE v. BENNIE JONES

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J.    Submitted Division 1 May 25, 1971, at Grand Rapids.   (Docket No. 10138.)   Decided June 28, 1971.

Bennie P. Jones was convicted of illegal possession of heroin.  Defendant appeals.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Gerard A. Poehlman, Assistant Prosecuting Attorney,* for the people.

*Kenneth D. Kruse,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM.  The defendant had a jury trial and was convicted of the illegal possession of heroin. MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).  He was sentenced to a term of seven to ten years in prison.

On appeal the question is whether the trial court's summary of the evidence and charge to the jury concerning the importance of reaching a verdict con-

tained prejudicial error. Defense counsel did not object to the trial court's summary of the evidence and charge to the jury. There was a misstatement of the testimony. However, it was a harmless error and did not result in a miscarriage of justice. *People* v. *Stewart* (1970), 23 Mich App 589. See also *People* v. *Geving* (1970), 28 Mich App 570. On that basis this case is distinguishable from *People* v. *King* (1970), 384 Mich 310.

There was no error in instructing the jury on the importance of reaching a verdict. *People* v. *Coles* (1970), 28 Mich App 300; 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 684, p 871. The charge was far short of telling the jury that it was their duty to agree upon a verdict which was held to be reversible error in *People* v. *Barmore* (1962), 368 Mich 26. The question sought to be reviewed is so unsubstantial as to require no argument or formal submission.

Motion to affirm is granted.