PEOPLE *v.* SHELMIRE

1. CRIMINAL LAW—APPEAL AND ERROR—PRESERVING QUESTION—
   MANIFEST INJUSTICE.
   An appellate court will not review assignments of error where
   no objection is entered at trial unless manifest injustice is
   shown.

2. CRIMINAL LAW—VERDICTS—COERCED VERDICT.
   The trial judge did not coerce the jury, sitting in a murder case,
   into returning a verdict where the jury returned after only
   three hours of deliberation to announce a deadlock, the trial
   judge noted that he did not think the jury had deliberated
   for a sufficient period of time to determine that a deadlock
   had been reached in a case that took four days to try, and
   asked the jury members to reconsider their positions to see if
   it would be possible for them to reach a verdict, but did not
   demand or ask for a verdict.

Appeal from Recorder's Court of Detroit, Andrew C. Wood, J. Submitted Division 1 September 7, 1971, at Detroit. (Docket No. 10136.) Decided October 27, 1971.

Henry Shelmire was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 545, 548, 549, 649.
[2] 53 Am Jur, Trial § 951.

Chief, Appellate Department, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Kenneth D. Kruse,* for defendant on appeal.

Before: LESINSKI, C. J., and QUINN and BRONSON, JJ.

PER CURIAM. Defendant was charged with first-degree murder (MCLA § 750.316 [Stat Ann 1954 Rev § 28.548]) and tried in Detroit Recorder's Court before a jury, which returned a verdict of guilty of manslaughter (MCLA § 750.321 [Stat Ann 1954 Rev § 28.553]). Defendant was sentenced to a term of 4 to 15 years. He appeals as of right.

Defendant raises two issues on appeal. He first contends that the trial judge's instructions concerning good character and intent were erroneous. No objection was raised below. This Court has repeatedly held that it will not review claimed errors in jury instructions where no objection is entered at trial unless manifest injustice is shown. *People v. Fry* (1970), 27 Mich App 169; *People v. Ray Clifton Smith* (1969), 20 Mich App 243. Defendant has shown no manifest injustice.

Defendant's second argument is that the trial judge's statements to the jury on sending it back for further deliberations coerced the jury into returning a verdict.

Whether or not a trial judge coerces a jury into returning a verdict must be decided on the facts of each case. We have made a thorough review of previous decisions made by this Court and the Supreme Court to help us determine whether the trial judge's statements, in the instant case, were coercive. *People v. De Meaux* (1916), 194 Mich 18; *People v. Kasem* (1925), 230 Mich 278; *Zeitz v. Mara* (1939),

290, Mich 161; *Decker* v. *Schumacher* (1945), 312
Mich 6; *People* v. *Chivas* (1948), 322 Mich 384;
*Pierce* v. *Pierce* (1878), 38 Mich 412; *People* v. *Maxwell* (1966), 3 Mich App 264; *People* v. *Connors*
(1970), 27 Mich App 47; *People* v. *Coles* (1970), 28
Mich App 300.

The jury had deliberated for only three hours
when it returned to the courtroom to tell the trial
judge that it had reached a deadlock. The trial
judge noted that he did not think the jury had deliberated for a sufficient period of time to determine
a deadlock had been reached in a case that took four
days to try. He asked all the jury members to reconsider their positions to see if it would be possible
for them to reach a verdict, but did not demand or
ask for a verdict.

Having thoroughly reviewed the instructions in
this case and having compared them with instructions previously approved, this Court concludes that
the trial judge committed no error in his statements.

Affirmed.