PEOPLE *v.* MAYBERRY

1. CRIMINAL LAW—INSTRUCTIONS TO JURY—REQUESTED INSTRUCTIONS—REFUSAL TO CHARGE.

   Refusal to give requested instructions regarding the burden of proof as to intoxication and as to a finding of the intent to commit a felony-murder was not error where the trial judge covered these points in his own words in his charge to the jury.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—APPEAL AND ERROR.

   The entire charge to the jury is considered by the appellate court when reviewing claimed errors in the instructions.

3. HOMICIDE—FELONY-MURDER.

   A felony-murder is, by statute, first-degree murder.

4. CRIMINAL LAW—RAPE—MURDER.

   A murder committed in the course of a rape is first-degree murder (MCLA § 750.316).

Appeal from Recorder's Court of Detroit, Robert J. Colombo, J. Submitted Division 1 June 18, 1970, at Detroit. (Docket No. 8,079.) Decided August 3, 1970.

John Mayberry was convicted of rape-murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 527 *et seq.*
[2] 53 Am Jur, Trial § 842.
[3, 4] 40 Am Jur 2d, Homicide § 79.

Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Jane Kerr Burgess,* for defendant on appeal.

Before: Lesinski, C. J., and Holbrook and T. M. Burns, JJ.

Per Curiam. Defendant, John Mayberry, was convicted in a jury trial of rape-murder. MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). His defense was intoxication and he claims on appeal that the instructions to the jury regarding his defense were inadequate and prejudicial.

The requested instructions regarding burden of proof as to intoxication and the finding of intent on the part of defendant were covered in the instructions in the words of the trial judge. The entire charge is considered by an appellate court in reviewing claimed errors in the instructions. *People v. Fred W. Thomas* (1967), 7 Mich App 519. The requested instructions were cumulative and the refusal to so charge was not error.

Defendant claims that the failure to charge that second-degree murder is a specific intent crime and intoxication is a defense was reversible error. Defendant was charged with a felony-murder which is by definition first-degree murder. MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). No instructions as to lesser included offenses were necessary. *People v. Hearn* (1958), 354 Mich 468; *People v. Springer* (1968), 13 Mich App 621.

Defendant further claims that there was not sufficient evidence to support a finding of guilty beyond a reasonable doubt. A review of the record shows sufficient evidence, if believed by the jury, to support the verdict. *People v. Fred W. Thomas, supra.*

Affirmed.